**In re Grays Ferry Redevelopment Area**

*Nicholas J. Scafidi,* for condemnor.
*Austin Morris,* for condemnee.

SNYDER, *J.,* May 3, 1976 — Petitioner, Redevelopment Authority of the City of Philadelphia ("Authority") brings a condemnation proceeding in rem and seeks a writ of possession for the premises at 2708 Grays Ferry Avenue, Philadelphia, occupied by Jean Gillins. In answer to a rule to show cause, Gillins asserts that Federal law (Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C.A. §4601, January 2, 1971, 84 Stat. 1894 et seq., and HUD regulations promulgated pursuant thereto) precludes issuance of such a writ by this court at this time or, in the alternative, that a writ of possession may not issue against her, since she is not a condemnee as defined in the Eminent Domain Code of June 22,

1964, P.L. (Spec. Sess.) 84, as amended, 26 P.S. §1-407(a).

The record discloses that the authority filed a declaration of taking on July 9, 1975, naming John A. Jeffries and Nellie, h/w, as condemnees. Some time in early December 1975, Gillins began to occupy an apartment in the condemned premises pursuant to a written lease naming her lessee and the authority lessor. She was never a tenant of the condemnee. The form lease was provided by the authority and contained the following language in clause six:

"It is hereby mutually agreed that either party hereto may terminate this Lease by giving to the other party written notice thereof at least ten (10) days prior thereto. The Lessee hereby attorns to the Lessor. The Lessee expressly agrees that for the purposes of this lease and more particularly that of repossessing the premises subject to this lease that the Lessee shall have the status of tenant and the Lessor that of landlord under Pennsylvania Law,anything herein or otherwise to the contrary notwithstanding. The parties hereto further agree that the Municipal Court of Philadelphia shall be a proper tribunal, among others, for any action by the Lessor to recover possession of the premises which is the subject of this lease, provided that the action for possession by the Lessor shall otherwise be pursuant to the terms of this lease. Lessee expressly agrees that any judgment or order for rent or for possession, in any Court or by any Judge shall be final, and that he will not take any appeal, certiorari, writ of error, exception or objection to the same, or file a motion or rule to strike off or to open or to stay execution of the same, and releases Lessor of all liability therefor."

While conceding that Gillins is not a condemnee,

the authority urges that although section 407(a) of the Eminent Domain Code speaks in terms of possession against condemnees, its intent is to give condemnor absolute possession against anyone. In the absence of any indication of such intent in the code, I am not persuaded that a writ of possession can issue to displace Gillins, especially since the authority and not the condemnee gave her the right to possession in a written lease which guaranteed her the status and rights of a tenant. The authority cannot now invoke the eminent domain power to avoid contractual obligations it clearly incurred; it must give Gillins the benefit of her bargain and proceed against her as provided in clause six of the lease.

Since it is, therefore, clear that the writ may not issue, the question of Federal preemption need not be reached.

## ORDER

And now, May 3, 1976, after hearing and consideration of petition for writ of possession, said petition is dismissed.